WEIMER, J.,
dissenting in part.
hi agree with the. majority’s findings that Judge Free engaged in judicial misconduct in violation of the- Code of Judicial Conduct and the Louisiana Constitution. Indeed, Judge Free has acknowledged some of his behavior fell short of what is expected of a judge and accepts he will be disciplined. However, for the following reasons, I respectfully dissent from the discipline imposed.
The fact that one offers an explanation for misconduct does not preclude a showing and finding of remorse. and cooperation. See In re Sims, 14-2515 p. 18 (La.3/17/15), 159 So,3d 1040, 1052. Judge Free has .admitted, and acknowledged error, particularly in his comments on. the legal elements of domestic violence charges and his use of contempt procedures. As the majority recognized, Judge Free has | ¡/‘demonstrated ... sincerity in changing or modifying his conduct.”[1] In re Free, 16-0434 (La.6/29/16), Op. at 603.
*606 Mindful that the “primary purpose of the Code of Judicial Conduct is to protect the public rather than to discipline judges,”[2] I believe suspension without pay of a shorter duration would adequately serve the purpose of judicial discipline. See, e.g., In re Fuselier, 02-1661 (La.1/28/03), 837 So.2d 1257.[3] Judge Free’s misconduct is more comparable to the misconduct in In re Fuselier than to those cases that resulted in the imposition of a one-year suspension. See, e.g., In re Boothe, 12-1821 (La.1/29/13), 110 So.3d 1002.[4] Accordingly, consistency in sanctioning suggests that the one-year suspension imposed by the majority is overly punitive in nature and that a lesser sanction is warranted under the facts of this case, particularly since the charges in this case do not involve misconduct that occurred following the sanction imposed in the prior case of In re Free, 14-1828 (La.12/9/14), 158 So.3d 771.[5]
*607 For these reasons, I respectfully dissent from the sanction imposed by the majority.

.In re Marullo, 96-2222, p. 6 (La.4/8/97), 692 So.2d 1019, 1023.

. In In re Fuselier, a 120-day suspension was found to be appropriate for a seasoned judge who: (1) held a witness in contempt for failure to appear in court pursuant to a subpoena, even though the witness had not been properly subpoenaed; (2) contacted and met with the witness’s employer, which ultimately led to the termination of the witness’s employment, (3) abused his judicial authority by conducting arraignments and accepting guilty pleas in criminal cases in the absence of a prosecutor and by dismissing misdemeanor traffic cases without involving the prosecutor, (4) engaged in impermissible ex parte communications by "fixing” traffic tickets and/or other offenses, and (5) abused his constitutional judicial authority by "instituting, authorizing, and participating in" the worthless check program. Id. 02-161 at 6-33, 837 So.2d at 1262-79.

. Judge Boothe was suspended for one year without pay for, among other misconduct, (l)failing to recuse himself from hearing a defendant's motion for resentencing once it became clear that the defendant was going to make allegations against another judge who allegedly did not get along with Judge Boothe that would benefit Judge Boothe by exonerating Judge Boothe from previous allegations that the defendant had made against Judge Boothe and implicating other judge in a conspiracy, and (2) engaging in impermissible ex parte communications with the defendant. See In re Boothe, 12-1821 at 28-34, 110 So.3d at 1020-24.

. The behavior currently before this court occurred both before and after the behavior for which Judge Free was previously sanctioned, but none of this behavior occurred after the discipline was imposed in 2014.